UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:09-CV-00145-JHM

DONALD E. RAY                                                                    PLAINTIFF

V.

WASTE MANAGEMENT OF KENTUCKY, LLC
AND SOUTHERN WASTE SERVICES, LLC                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants', Waste Management of Kentucky, LLC and Southern Waste Services, LLC, motion for summary judgment [DN 68]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court **GRANTS** the Defendants' motion for summary judgment.

### I. BACKGROUND

Plaintiff Donald E. Ray was hired to work at Southern Waste Services, LLC (a subsidiary of Waste Management of Kentucky, LLC) on December 17, 1996 as a Heavy Equipment Operator. At the time of his termination Ray ("Plaintiff") was sixty years old and was working in the position of Lead Heavy Equipment Operator. According to Southern Waste Services, LLC and Waste Management of Kentucky, LLC ("Defendants"), Plaintiff was terminated for safety reasons associated with a collision that occurred on February 2, 2009. On that day, Plaintiff was operating a bulldozer in a landfill pushing trash up a hill after it was dumped. As he was backing the bulldozer down the hill, Plaintiff collided with a Todd County sanitation truck driven by William Powell. It is disputed who was at fault. After the collision, Plaintiff questioned whether Powell needed to report the accident, and Powell stated that he would have to report the accident because the truck he was driving was leased. (See Powell Dep. 13 [DN 67-2].) Powell stated that he tried to call the

office on his cell phone but had no reception, so Plaintiff advised him to "stop by the office and turn it in, tell them what's happened." (Ray Dep. 148-49 [DN 37].) After discussing the incident with the Site Manager, Chuck Hendrickson, Plaintiff was put on administrative leave. The ultimate decision to terminate Plaintiff's employment was made by the Senior District Manager of Waste Management, Jackie Moore. Mr. Moore and Mr. Hendrickson were both hired by Defendants in 2008. Mr. Moore stated in his affidavit that the decision was based on Plaintiff's "admitted safety rule violations, including his reckless operation of [Waste Management] equipment, and failure to follow mandatory post-accident procedures, all of which [Plaintiff] was very well aware." (Moore Aff. 3 [DN 68-6].) In addition, Mr. Moore stated that Plaintiff's questioning whether to report the incident made Mr. Moore question Plaintiff's judgment and trustworthiness, which factored in to Mr. Moore's decision to terminate Plaintiff.

On October 9, 2009, Plaintiff filed this action against Defendants asserting a claim of age discrimination in violation of the Kentucky Civil Rights Act, K.R.S. § 344.040(1)(a), and a claim that Defendants engage in a pattern or practice of age discrimination. Defendants filed this motion for summary judgment arguing that, even if Plaintiff could establish a prima facie case, Plaintiff was discharged for a legitimate, non-discriminatory reason and that Plaintiff cannot establish that Defendants' reasons were pretextual.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine

issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The rule requires the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by " showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

Under the Kentucky Civil Rights Act ("KCRA"), it is unlawful for an employer

> [t]o fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's . . . age forty (40) and over[.]

(K.R.S. § 344.040(1)(a).) "Claims brought under the KCRA are 'analyzed in the same manner'" as claims brought under the Age Discrimination in Employment Act ("ADEA"). Allen v. Highlands Hosp. Corp., 545 F.3d 387, 394 (6th Cir. 2008) (quoting Williams v. Tyco Elec. Corp., 161 Fed. Appx. 526, 531 & n.3 (6th Cir. 2006)), See also Williams v. Wal-Mart Stores, Inc., 184 S.W. 3d 492, 495 (Ky. 2005). In the Sixth Circuit, an ADEA claim based on circumstantial evidence is analyzed under the three step McDonnell Douglas test. Geiger v. Tower Automotive, 579 F.3d 614, 622

3

(citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)).[1] The first step requires the plaintiff to establish a *prima facie* case of age discrimination by a preponderance of the evidence that the plaintiff: (1) was a member of a protected class; (2) was qualified for the job; (3) suffered an adverse employment action; and (4) was replaced by a person outside the protected class or treated differently than similarly situated, non-protected employees. Allen, 545 F.3d at 394. Next, "[o]nce a plaintiff satisfies his or her prima facie burden, the burden of production shifts to the employer to articulate a legitimate nondiscriminatory reason for the adverse employment action." Id. (quoting Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 350 (6th Cir. 1998)). If the employer offers a legitimate nondiscriminatory reason, the final step of the McDonnell Douglas test shifts the burden back to the plaintiff "to show that the employer's nondiscriminatory explanation is a mere pretext for intentional age discrimination." Id. Thus, the burden shifts to the Defendants to show a legitimate nondiscriminatory reason for Plaintiff's termination.

### III. DISCUSSION

In the present case, Plaintiff relies on circumstantial evidence to prove his age discrimination claim. For purposes of their summary judgment motion, Defendants state that they do not contest

---

[1] The Supreme Court has recently held that in a disparate-treatment claim, as the one in the present case, under the plain language of the ADEA "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." Gross v. FBL Financial Services, Inc., 557 U.S. 167, 176 (2009). In Gross, the Supreme Court specifically declined to decide "whether the evidentiary framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), utilized in Title VII cases is appropriate in the ADEA context." 557 U.S. at 175, n.2. However, the Sixth Circuit has addressed the issue after Gross and clearly stated that "while recognizing the differences between Title VII and the ADEA, we have long found the McDonnell Douglas framework useful in analyzing circumstantial evidence of ADEA claims. . . . The McDonnell Douglas test thus remains applicable law in this circuit . . . and we are without authority to overrule prior published decisions of our court absent an inconsistent decision of the Supreme Court or an *en banc* reversal." Geiger v. Tower Automotive, 579 F.3d 614, 22 (6th Cir. 2009).

that Plaintiff can establish a *prima facie* case of age discrimination. (See Defs.' Mot. Summ. J. 16, n.7 [DN 68-1].)

### A. Legitimate Nondiscriminatory Reason for the Adverse Employment Action

Defendants argue that they terminated Plaintiff for legitimate, non-discriminatory reasons, specifically: "(1) WM's safety rules are mandatory; (2) employees may be terminated under WM policy after only one safety violation; (3) Plaintiff was well aware of WM's safety rules, having reviewed manuals, training material, and having attended (and having taught) safety training throughout his employment; and (4) Plaintiff was terminated after he admittedly violated WM's safety rules." (Defs.' Mot. Summ. J. 16 [DN 68].) In his affidavit, the Senior District Manager, Jackie Moore, stated that after discussing the incident with the Site Manager, Chuck Hendrickson, and questioning Plaintiff, Mr. Moore made the decision to terminate Plaintiff "based on his admitted safety rule violations, including his reckless operation of WM equipment, and failure to follow mandatory post-accident procedures, all of which [Plaintiff] was very well aware." (Moore Aff. 3 [DN 68-6].) Mr. Moore was also concerned with a statement that Plaintiff made to him about not reporting the accident unless the Todd County truck driver reported it first. Mr. Moore felt that this action was "an effort to cover up what had occurred and [] a willingness to disregard his duty to inform management." (Id.) The Court finds that Defendants have offered a legitimate, non discriminatory reason for Plaintiff's termination.

### B. Evidence of Pretext for Unlawful Age Discrimination

"Once the employer has come forward with a nondiscriminatory reason[,] . . . the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." Allen, 545 F.3d at 396 (quoting Manzer v. Diamond Shamrock Chem. Co., 29 F.3d

1078, 1084 (6th Cir. 1994) (*abrogated in part on other grounds by* Gross, 557 U.S. 167).  In order to establish pretext, the plaintiff must show by a preponderance of the evidence "either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate his discharge, or (3) that they were insufficient to motivate discharge."  Id.

**1. Defendants' Proffered Reason Had a Basis in Fact**

The first prong requires evidence "that the proffered bases for the plaintiff's discharge never happened, i.e., that they are 'factually false.'"  Id.  Although Plaintiff does not dispute that the accident happened on February 2, 2009, he maintains that he did not operate the bulldozer in an unsafe manner.  He claims that the investigation of the accident was a pretext for assigning blame to a 60 year old worker in order to fire him.  In addition, Plaintiff states that the Todd County truck driver, Powell, was never asked if he established eye contact with Plaintiff before backing up, therefore demonstrating that Defendants were assigning blame only to Plaintiff.  According to Plaintiff, Defendants had previously disciplined Plaintiff for incidents that he disputed, and after this accident he knew it would lead to his termination, regardless of who was at fault.

In response to the allegations that Defendants' reason for terminating Plaintiff had no basis in fact, Defendants state that Plaintiff's previous discipline played no part in the decision to terminate Plaintiff.  According to Defendants, the decision to terminate Plaintiff was based on his leadership position, his violation of safety rules, and done to avoid setting an unacceptable precedent to the workers that looked up to Plaintiff.  Defendants have a safety policy that requires drivers of trucks and heavy equipment follow certain safety protocol when backing, requiring 360 degrees of awareness, and, according to Defendants, Plaintiff violated the policy by not looking behind him before backing, not paying attention to his surroundings, and not backing slowly.  Defendants also

6

state that Plaintiff was required to allow an investigation of the scene, but the two vehicles were separated, and Plaintiff went back to work while Powell reported the accident on his way out of the facility. Plaintiff stated in his deposition that he did not want to report the incident because he feared that he would lose his job. (See Ray Dep. 160-63 [DN 37].) Defendants cite to their safety policy manuals and trainings that Plaintiff attended as evidence that Plaintiff was well aware of the safety policy and procedure. Defendants also argue that Plaintiff is trying to base his pretextual argument on allegations that there are material issues of fact, which are based on "information, arguments, or excuses [Plaintiff] has formulated for purposes of litigation." (Defs.' Reply, 6 [DN 73].) Additionally, Defendants state that regardless of Powell's actions, Defendants' decision regarding Plaintiff's termination was based on internal policies and procedures for Plaintiff's safety violations.

Under the first showing of pretext, Plaintiff has not met his burden of demonstrating that Defendants' explanation was factually false. The record shows that Plaintiff admitted that the accident occurred in his deposition and briefs, and that he failed to look backward. He also admitted that even though the accident was reported, he considered not reporting the incident. While Plaintiff may dispute the allocation of fault in the accident, as well as disagreeing with Defendants' decision to terminate him, Plaintiff has not met his burden of establishing that the reason for termination was factually false.

**2. Defendants' Proffered Reason Motivated Plaintiff's Discharge**

Under the second prong, a plaintiff may indirectly challenge the credibility of:

his employer's explanation by showing circumstances which tend to prove that an illegal motivation was more likely than that offered by the defendant. In other words, the plaintiff argues that the sheer weight of the circumstantial evidence of discrimination makes it more likely than not that the employer's explanation is a

       pretext, or coverup.

Allen, 545 F.3d at 396 (quotations omitted). Plaintiff argues that the sheer weight of the evidence of discrimination establishes that Defendants' reasons for termination were not the actual motive. In support of this claim, Plaintiff points to (1) a list of employees hired and/or terminated at the Plaintiff's work location for an eight year time frame ("List") [DN 69]; (2) Plaintiff's statements that the company discriminates; (3) Plaintiff's statements that younger employees received more overtime; and (4) statements from previous employees that claim Defendants terminate employees in their late fifties and sixties. The List that Plaintiff bases his statistical analysis on shows 34 employees that were hired and/or terminated at the same location where Plaintiff was employed, their birth dates, job titles and reason for termination if no longer employed with Defendants during the time period of January 2002 through January 2010. Plaintiff examined the list of employees and provided statistics, concluding that Defendants disproportionately terminate workers over the age of 40.

      Defendants state that the safety violation and the failure to report the accident did motivate Plaintiff's termination and was not pretext. Defendants contend that Plaintiff relies only on his own conclusory statements and that he distorted numbers from the List of hired and terminated employees. Defendants argue the List of only 34 employees is a small sample size, and Plaintiff fails to distinguish between those over 40 who left voluntarily, those over 40 who were terminated due to a reduction in force, and those over 40 who were terminated for safety violations. Defendant points out that since 2002, 35% of new hires were over 40 and the majority of people terminated for cause were under 40.

      In providing his statistics, Plaintiff failed to provide the Court with comparable statistics

regarding the relevant labor market. "(S)tatistics . . . come in infinite variety . . . (T)heir usefulness depends on all of the surrounding facts and circumstances." Hazelwood School Dist. v. U.S., 433 U.S. 299, 308 (1977) (quotation omitted). For example, in a racial discrimination case involving public school teachers, the Supreme Court found that the statistics were only useful once compared with the racial composition of the qualified public school teacher population in the relevant labor market." Id. This district has applied the same reasoning to an age disparate treatment case, finding that without evidence as to "how many persons over the age of forty were qualified and available in the surrounding area[,]" the plaintiff could not support an inference of discrimination. Hall v. Martin Marietta Energy Systems, Inc., 856 F.Supp. 1207, 1214 (W.D. Ky. June 1, 1994). Therefore, the statistics are not useful to support Plaintiff's age discrimination claim.

      The Court acknowledges that former employees of Defendants have provided statements stating that Defendants engaged in age discrimination. These statements include those of former employees who are understandably upset after being terminated from their positions. Ronnie Price was fired for being off his machine while it was running, but alleges that was something that everyone did. (Price Dep. 30 [DN 43-5].) John Furlow claimed he was fired for his age, but yet he was in his late fifties when he was initially hired by Defendants. (See Furlow Dep. [DN 43-6]; and Defs.' Am. Response to Int. [DN 69].) John Miller felt that he could not do anything right once the new management came on in 2008, but he was not fired. He voluntarily quit. (Pl.'s Response to Mot. Summ. J. 12 [DN70-3].) Frank Clark provided an inadmissible hearsay statement, claiming that he was told that management was attempting to replace Plaintiff in 2006, before the new managers were even hired. (Clark Aff. 1 [DN 70-6].) Others simply say that they believe they were fired for age discrimination.

"Evidence submitted in opposition to a motion for summary judgment must be admissible. Hearsay evidence . . . must be disregarded." Alpert v. U.S., 481 F.3d 404, 409 (6th Cir. 2007) (quotation omitted). Additionally, "rumors, conclusory allegation and subjective beliefs . . . are wholly insufficient evidence to establish a claim of discrimination as a matter of law." Mitchell v. Toledo Hosp., 964 F.2d 577, 585 (6th Cir. 1992).

Plaintiff claims that he was treated differently than younger employees because he lost overtime. However, in his deposition, he states that the motivation for sending him home early was his higher pay rate, not his age. (Ray Dep. 278-279 [DN 37].)

The Court finds that Plaintiff's other circumstantial evidence is not sufficient to show that the reasons given for terminating Plaintiff were pretextual.

### 3. Defendants' Reasons were Sufficient to Motivate Discharge

Lastly, to satisfy the burden under the third prong, a plaintiff needs to provide evidence "that other employees, particularly employees not in the protected class, were not fired even though they engaged in substantially identical conduct to which the employer contends motivated its discharge of the plaintiff." Allen, 545 F.3d at 396 (quotations omitted). A plaintiff cannot merely allege that there is a "dispute over facts upon which his discharge was based. He must put forth evidence which demonstrates that the employer did not 'honestly believe' in the proffered non-discriminatory reason for its adverse employment action." Braithwaite v. Timken Co., 258 F.3d 488, 494 (6th Cir. 2001); see also Oliver v. Federated Mut. Ins. Co., 341 Fed. Appx. 108 (6th Cir. 2009) (finding the plaintiff did not meet his burden that defendant's reason for termination was a pretext for age discrimination).

Plaintiff claims the proffered reasons were insufficient to motivate discharge. In his affidavit, Plaintiff states that a younger machine operator, Rodney Brown, who was hired in 2008,

ran a truck off a culvert, did not report the accident, and was not fired.

Defendants' respond arguing that Rodney Brown is not a similarly situated employee as required under Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998).

The Court agrees that Plaintiff was not 'similarly situated' with Rodney Brown. According to the record, Rodney Brown's job title was Primary Heavy Equipment Operator II and Plaintiff's position was Primary Heavy Equipment Operator III. While the job description of Primary Equipment Operator III states that there are no supervisory duties, Plaintiff described himself as a lead operator and agreed he had a leadership role in running the workplace. (Ray Dep. 71 [DN 37].) To be found 'similarly-situated,' plaintiff is "required to prove that all of the *relevant* aspects of his employment situation were 'nearly identical'" to the under 40 employee. Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998). The leadership role of Plaintiff is relevant in this employment situation. Defendants' decision to terminate Plaintiff was based heavily on the fact that he was to be the example for the others in following company policy. His disregard of those policies is the primary reason for his termination. Therefore, the Court finds that Plaintiff did not "put forth evidence which demonstrates that the employer did not 'honestly believe' in the proffered non-discriminatory reason for its adverse employment action." Braithwaite, 258 F.3d at 494. Accordingly, the Court holds that Defendants' legitimate nondiscriminatory reasons for their adverse employment action were not pretextual and Plaintiff has failed to produce evidence that the decision to terminate was made on the improper basis of Plaintiff's age.

### C. Pattern-or-Practice of Termination

In his Amended Complaint, Plaintiff has alleged that Defendants have a pattern and practice of terminating older workers. As evidence, the record reflects several former employees of

11

Defendants that state that they have either witnessed age discrimination or have beliefs that they were fired for age discrimination. Plaintiff also reasons that the statistics from the list of employees hired and/or terminated by Defendants is evidence of Defendants practice to terminate the older employees.

Defendants argue that an individual can not bring a pattern-or-practice claim. They state that "there is no evidence to support [Plaintiff's] individual age discrimination claim, [so Plaintiff] attempts to bolster that claim by alleging that WM has a pattern-or-practice of terminating older workers." (Defs.' Mot. Summ. J. 24 [DN 68].)

The Sixth Circuit has held "that the pattern-or-practice method of proving discrimination is not available to individual plaintiffs." Bacon v. Honda of America Mfg., Inc., 370 F.3d 565, 575 (6th Cir. 2004); see also Washington v. City of Georgetown, 2010 WL 3892002 (E.D. Ky. Sept. 29, 2010). The reasoning is "that a pattern-or-practice claim is focused on establishing a policy of discrimination; because it does not address individual hiring decisions, it is inappropriate as a vehicle for proving discrimination in an individual case." Id. While evidence of a pattern-or-practice of discrimination is relevant to an individual claim for disparate treatment, and the Court took into consideration the statements of past employees as well as the List of employees in analyzing Plaintiff's claim, this Court holds that as a matter of law, the pattern-or-practice method of proving age discrimination is not available to Plaintiff.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' motion for summary judgment [DN 68] is **GRANTED**.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

June 25, 2012

cc: counsel of record